

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1539–07

**ROBERT HUFFMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S AND STATE'S PETITIONS
### FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**MEYERS, J., filed a concurring opinion.**

### CONCURRING OPINION

What does the State have to prove under this statute? Does the State have to prove

that the defendant failed to either stop and remain or return and remain? Or does the

State just have to show that the defendant failed to stop and then the defendant can use as

a defense that he returned and remained?

I agree with the majority that there are not three separate offenses in this statute.

However, I feel that rather than alternate methods of committing the same offense, there is only one method of committing the offense–failing to stop. The other two subsections under Transportation Code Section 550.021 (a) are defense issues–the defense can present evidence that, although the defendant initially failed to stop, he did return to and remain at the scene of the accident.

Either way, the presentation of this issue to the jury in the disjunctive did not violate Appellant's right to a unanimous verdict in this case because there was no evidence presented regarding either returning to or remaining at the scene. The facts show that the defendant did not stop at all–ever, meaning that he did not stop and he did not return, so he clearly could not have remained. Therefore, the jury could not have possibly found the defendant guilty unless the jurors agreed that he was guilty of failure to stop.

And, since they were not raised by the evidence, the issues of returning to and remaining at the scene of the accident should not have been included in the charge at all. If the facts raise the issue of returning to the scene and remaining there, then those subsections of the statute should be included in the charge, but the jury should not be instructed on those issues if they are not raised by the facts. Therefore, returning to the scene and remaining there should not have even been presented to this jury for their consideration.

Because I agree with the majority that presenting this issue to the jury in the

disjunctive did not violate Appellant's right to unanimous verdict, I concur in the decision to affirm the judgment of the court of appeals.


Meyers, J.


Filed: October 1, 2008

Publish